IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RONALD G. MATTHEWS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-0465 |
| | § | |
| KELLY W. CASE, | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Ronald G. Matthews, an inmate in custody of the Galveston County Jail in Galveston, Texas, files this complaint under 42 U.S.C. § 1983, alleging violations of his civil rights. Plaintiff proceeds *pro se* and impliedly *in forma pauperis*. The threshold question is whether plaintiff's claims should be dismissed for failure to state a claim. The Court concludes that this lawsuit fails to state a claim, and should be dismissed for the reasons that follow.

Plaintiff reports that the defendant, attorney Kelly W. Case, was appointed to represent him in a state felony case. Plaintiff complains that Case failed properly to defend him against the criminal charges. Plaintiff seeks monetary compensation and other relief for Case's inactions and legal malpractice.

When a party proceeds *in forma pauperis*, the district court may scrutinize the basis of the complaint and, if appropriate, dismiss the case without service of process if the lawsuit is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997(e)(c);

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

A plaintiff seeking relief under 42 U.S.C. § 1983 must establish two essential elements: that the conduct complained of was committed by a state actor under color of state law, and that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. *Hernandez v. Maxwell*, 905 F.2d 94, 95 (5th Cir. 1990). Private attorneys, including public defenders, are not state actors within the meaning of section 1983. *Polk County v. Dodson*, 454 U.S. 312, 321-22 (1981). Plaintiff's claims against Case are not cognizable under section 1983 because a defense attorney in a criminal proceeding is not a state actor. *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996). Plaintiff fails to state a claim upon which relief can be granted against his lawyer, and accordingly, cannot prove any set of facts in support of his claim of legal malpractice against Case under section 1983. Because plaintiff's complaints against Case are legally frivolous, the Court will dismiss this lawsuit.

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2), this lawsuit is **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim. Plaintiff's implied motion to proceed *in forma pauperis* is **DENIED**.

2

The Clerk will provide a copy of this dismissal to the parties and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Inmate Three-Strike List Manager.

Signed at Houston, Texas on February 6, 2007.

_____
Gray H. Miller
United States District Judge